IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2018 AUG 31 AM 11: 07

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____JWO_____
DEPUTY

RAUL ALDERETE-ESPINOZA, §
Reg. No. 84666-280, §
Petitioner, §
§
v. §                                    EP-18-CV-223-FM
§
S. NICKLIN, Warden, §
Respondent. §

## MEMORANDUM OPINION AND ORDER

Raul Alderete-Espinoza, a prisoner confined at the La Tuna Federal Correctional

Institution in Anthony, Texas,[1] alleges violations of his due process rights in a pro se petition for a

writ of habeas corpus under 28 U.S.C. § 2241.   Alderete claims Case Manager C. Nunez

fabricated his "release plan and relocation request in order to put a stoppage to [his] release to the

community . . ."[2]   Alderete asks the Court to intervene in his behalf and order his release and

relocation to Santa Fe, New Mexico, on August 31, 2018.[3]

The Court notes that in the federal judicial system, a petitioner may attack the manner in

which his sentence is executed in the district court with jurisdiction over his custodian pursuant to

a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[4]   However, for the reasons

discussed below, the Court will dismiss Alderete's petition, pursuant to 28 U.S.C. § 2243.[5]

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas.   28 U.S.C. § 124(d)(3) (2012).

[2] Pet'r's Pet. at 6, ECF No. 1.

[3] Id. at 8.

[4] Reyes-Requena v. United States, 243 F.3d 893, 900–01 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992).

[5] 28 U.S.C. § 2243 (2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

## FAILURE TO EXHAUST

In an order to answer a questionnaire, the Court notes an initial issue which it must address in reviewing a § 2241 petition is whether the petitioner exhausted his administrative remedies.[6] This is because a federal prisoner must typically exhaust his administrative remedies before seeking habeas relief.[7] Exhaustion requires the petitioner to "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief.[8] Exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."[9] "When an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted, or at least piecemeal appeals may be avoided."[10] Additionally, "exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration."[11] These concerns apply with particular force "when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise."[12]

In the order, the Court also points out exhaustion requirements "may be subject to certain defenses such as waiver, estoppel or equitable tolling."[13] However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," the

---

[6] Order to Answer Questionnaire 1, ECF No. 4.
[7] *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole decision).
[8] *See Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing a § 2241 petition filed by a state pre-trial detainee).
[9] *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).
[10] *Id.* (citing *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *McKart v. United States*, 395 U.S. 185, 194 (1969)).
[11] *Id.* (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).
[12] *Id.* (citing *McKart*, 395 U.S. at 195).
[13] Order to Answer Questionnaire 2 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001)).

petitioner need not exhaust his administrative remedies.[14]   Such exceptions to the exhaustion

requirement "apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of

demonstrating the futility of administrative review."[15]   If a federal inmate carries his burden to

demonstrate an applicable exception to the exhaustion requirement, he may obtain a merits ruling

on his § 2241 petition despite a lack of exhaustion.[16]

The Court further explains in the order that the Bureau of Prisons uses a multi-tiered

administrative remedy program whereby inmates can "seek formal review of an issue relating to

any aspect of [their] own confinement."[17]   First, the inmate must present his particular complaint

to the prison staff and attempt to resolve the issue in an informal manner.[18]   If the complaint

cannot be resolved informally, the inmate must file a formal written administrative remedy request

on a BP-9 form with the prison warden.[19]   The warden has twenty days to respond, which may be

extended by an additional twenty days.[20]   Any adverse decision by the warden must be appealed

to the appropriate regional director by filing a BP-10 form.[21]   The regional director has thirty days

to issue a response, which may be extended by an additional thirty days.   The final step in the

administrative review process is an appeal to the Office of General Counsel on a BP-11 form.[22]

The General Counsel has forty days to issue a response.[23]   If an inmate does not receive a

---

[14] *Fuller*, 11 F.3d at 62.

[15] *Id.*

[16] *Id.*

[17] Order to Answer Questionnaire 3 (citing 28 C.F.R. § 542.10(a)).   *Cf. Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's civil rights complaint); *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under § 1915 is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of pro se plaintiff's complaint).

[18] 28 C.F.R. § 542.13(a).

[19] *Id.* § 542.14.

[20] *Id.* § 542.18.

[21] *Id.* § 542.15(a).

[22] *Id.*

[23] *Id.* § 542.18.

response within the time allotted for a reply, he may consider the absence of a response a denial at that level and proceed to the next level.[24] An inmate may seek relief in federal court only after he has exhausted all levels of the administrative review process.[25]

In his answers to the questionnaire filed timely on August 16, 2018, Alderete concedes he has not appealed the Warden's decision to the Regional director or the Office of the General Counsel.[26] He "invokes estoppel . . . based on the . . . misrepresentation made by Case Manager Ms. Nunez [which] has led to an injury and prejudice . . . that resulted from her misconduct."[27]

The record Alderete submitted with his petition shows that he changed his proposed relocation address to Santa Fe on June 20, 2018.[28] When he submitted the change of address, Nunez warned him "[t]his change is going to affect your . . . release date."[29] The record further shows Nunez submitted a letter to the Probation Office in Santa Fe requesting a review of the proposed release plan.[30] The record does not support a conclusion Nunez engaged in misconduct or the Court should excuse Alderete's failure to exhaust.

## CONCLUSIONS AND ORDERS

The Court accordingly concludes that it appears from Alderete's petition and the responses to the questionnaire that he has not exhausted his administrative remedies with the Bureau of Prisons and that he is not entitled to § 2241 relief.[31] The Court, therefore, enters the following orders:

**IT IS ORDERED** that Alderete's petition for a writ of habeas corpus under 18 U.S.C. §

---

[24] *Id.*
[25] *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").
[26] Pet'r's Answers to Questionnaire at 1, ECF No. 8.
[27] *Id.* at 13.
[28] Pet'r's Pet, Ex., p. 1, ECF No. 1-1.
[29] *Id.*
[30] *Id.* at 6-7.
[31] 28 U.S.C. § 2243.

2241 and his civil cause are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

IT IS FURTHER ORDERED that all pending motions are **DENIED** as moot.

IT IS FINALLY ORDERED that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this ___31___ day of August, 2018.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**